**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Case No. 2006-cv-01269-REB-BNB

KEMPER MORTGAGE, INC., an Illinois corporation

    Plaintiff,

v.

BETA ASSETS, a Colorado corporation,
   d/b/a BANKERS HOME MORTGAGE, INC.,
RICHARD R. DENNIS, individually, and
MATTHEW MANSFIELD, individually,

    Defendants.

**CONFIDENTIALITY ORDER**

Upon a showing of good cause in support of the entry of a Confidentiality Order to protect the discovery and dissemination of confidential information or trade secret information that may harm or damage any party, witness, or person providing discovery in this case, IT IS ORDERED:

1. This Confidentiality Order shall apply to all documents, materials, and information, including, without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. The terms defined below, as used in this Confidentiality Order, are as follows:

    (a) "**Document**" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

    (b) "**Confidential Information**" means confidential, secret, or proprietary information that is designated as confidential by the supplying party **and that is entitled to protection from disclosure pursuant to Fed. R. Civ. P.**

**26(c)(7) or otherwise by law**, whether it be a document, information expressly including documents defined as trade secrets within the Uniform Trade Secrets Act contained in a document, computer file or other media, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.

(c) "**Highly Confidential Information**" means confidential, secret, or proprietary information **that is entitled to protection from disclosure pursuant to Fed. R. Civ. P. 26(c)(7) or otherwise by law,** expressly including documents defined as trade secrets within the Uniform Trade Secrets Act**,** that is designated as Highly Confidential Information or Confidential–Attorney Eyes Only by the supplying party, which the supplying party believes is necessary to protect its competitive advantage and the disclosure of which is likely to have the effect of harming the supplying party if disclosed to or seen by any other party, person, or entity, whether it be a document, part of a document, file or other media, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.

(d) "**Qualified Person**" means:

i. Attorneys of record in this litigation, any associated counsel, and employees of such attorneys to whom it is necessary that the information be disclosed for purposes of this litigation;

ii. Experts retained by counsel of record to assist in preparation of the case;

iii. Any party or employee of a party to this action to whom the party's attorney reasonably believes disclosure is necessary in connection with preparation for discovery or trial in this action;

iv. The Court and any court reporter or typist recording or transcribing testimony for this case; and

v. Any other person on whom the parties agree to in writing before any disclosure.

(e) **Highly Confidential Qualified Person**" means:

i. Attorneys of record in this litigation, any associated counsel, and employees of such attorneys to whom it is necessary that the information be disclosed for purposes of this litigation;

ii. Experts retained by counsel of record to assist in preparation of the case;

iii. The Court and any court reporter or typist recording or transcribing testimony for this case; and

iv. Any other person on whom the parties agree to in writing before any disclosure.

(f) Any counsel or retained expert who is a current or former employee of any party or a current employee of any competitor of any party cannot be a Qualified Person or Highly Qualified Person pursuant to paragraphs 2(d) and (e) above except as may be permitted by agreement of the parties or by order of this Court.

3. Documents and things produced that contain "Confidential Information" may be designated as such by marking the cover or each page of the document or thing substantially as follows:

**"CONFIDENTIAL"**

Similarly, documents and things produced that contain Highly Confidential Information may be designated as such by marking the cover or each page of the document or thing substantially as follows:

**"HIGHLY CONFIDENTIAL"**

or

**"CONFIDENTIAL – ATTORNEY EYES ONLY"**

In lieu of marking the original of documents, the party may mark the copies that are produced or exchanged. If documents are produced for inspection pursuant to the Confidentiality Order, marking of the documents as "Confidential Information" or "Highly Confidential Information" may be delayed until after the selection of the documents for copying by the receiving party, but before delivery of the copies.

4. Except as provided herein, Confidential Information shall be disclosed by the receiving party only to Qualified Persons and Highly Confidential Qualified Persons who have read and agreed to this Order, and Highly Confidential Information shall be disclosed by the receiving party only to Highly Confidential Qualified Persons who have read and agreed to this Order; provided, however, that nothing herein shall prevent disclosure beyond the terms of this Order if the party claiming confidentiality consents in writing to such disclosure or if the Court permits further disclosure.

Before the provision of, access to, or the disclosure of (1) any Confidential Information to any Qualified Person under subparagraphs (b) and (d) of paragraph 2, or (2) any Highly Confidential Information to any High Confidential Person under subparagraphs (c) and (e) of paragraph 2, counsel shall provide such person with a copy of this Confidentiality Order and obtain from such person a written acknowledgment stating that he or she has read this Confidentiality Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

5.  Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Confidentiality Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL, or HIGHLY CONFIDENTIAL, after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

6.  Any information designated as Highly Confidential Information shall not be made available to the receiving party or to any persons or entities other than Highly Confidential Qualified Persons, except when disclosure is required by law.

7.  The designating party shall have the right to have all persons excluded from the deposition room before the taking of testimony of any party thereof which the designating party designated as "Confidential" or "Highly Confidential" subject to this Order, except the witness, counsel of record for named parties, counsel for the witness, other Qualified or Highly


Confidential Qualified Persons as appropriate, and members of counsels' regularly employed office staffs as are necessary for the conduct of this case, and court personnel.

8.      A party may object to the designation of particular information as Confidential or Highly Confidential by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential or Highly Confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Confidentiality Order. If such a motion is timely filed, the disputed information shall be treated as Confidential or Highly Confidential under the terms of this Confidentiality Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential or Highly Confidential and shall not thereafter be treated as Confidential or Highly Confidential in accordance with this Confidentiality Order. In connection with a motion filed under this provision, the party designating the information as Confidential or Highly Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential or Highly Confidential.

9.      At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as Confidential or Highly Confidential shall be returned to the party that designated it Confidential or Highly Confidential, or the parties may elect to destroy Confidential or Highly Confidential documents. Where the

parties agree to destroy Confidential or Highly Confidential documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

10. This Confidentiality Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated September 15, 2006.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge